UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 06-132 (EGS) |
| | : | |
| v. | : | |
| | : | |
| MARCUS MANOR | : | |

FILED
NOV 2 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## GOVERNMENT'S SUBMISSION TO THE COURT IN PREPARATION FOR THE UPCOMING PLEA HEARING

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits the following in preparation for a plea hearing in the instant case.

I. ELEMENTS OF THE OFFENSE:

　A.　The essential elements of the offense of Unlawful Possession of a Firearm by a Convicted Felon, in violation of 18 United States Code § 922(g)(1) are:

　　1.　That the defendant knowingly possessed a firearm;

　　2.　That the firearm had been shipped or transported from one state to another; and

　　3.　That, at the time the defendant possessed the firearm, the defendant had been convicted of a felony, that is, distribution of cocaine.

　B.　The essential elements of the offense of Assault with a Dangerous Weapon, in violation of 22 District of Columbia Code Section 402:

　　1.　That the defendant committed a threatening act that reasonably would create in another person a fear of immediate injury;

　　2.　That, when he committed the act, the defendant had the apparent present ability to injure that person;

1

  3. That the defendant committed the act voluntarily, on purpose, and not by mistake or accident.

In addition to these elements, the government must prove beyond a reasonable doubt that the defendant committed the assault with a dangerous weapon. A weapon is anything designed to be used or actually used to attack or threaten another person. A weapon is dangerous if it is used in a manner likely to produce death or great bodily injury. The government need not prove the defendant actually killed, injured or even touched the complainant with the weapon. Voluntarily pointing a dangerous weapon at another person in a threatening manner, or voluntarily using it in a way that would reasonably create in the other person a fear of immediate injury, would be an assault with a dangerous weapon.

II. COPY OF THE PLEA AGREEMENT:

 A copy of the plea agreement, not yet executed by the defendant, is attached.

III. PENALTIES:

  A. Pursuant to 18 United States Code §922 and § 924, the offense of Unlawful Possession of a Firearm by a Convicted Felon carries a maximum sentence of 10 years imprisonment, a $250,000 fine and up to three years of supervised release.

  B. Pursuant to 22 District of Columbia Code § 402, the offense of Assault with a Dangerous Weapon carries a maximum sentence of 10 years imprisonment and up to three years supervised release.

IV. FACTUAL PROFFER IN SUPPORT OF GUILTY PLEA:

If this case were to go to trial, the government's evidence would establish the following

beyond a reasonable doubt:

On or about July 17, 2005, at approximately 7:05 p.m., inside 3072 Stanton Road, S.E., Apartment 1A, in Washington, D.C., the defendant, Marcus Manor, pointed a loaded Rossi 38 caliber revolver at Lucretia Pressey, his cousin, while the two were arguing. After Ms. Pressey left the apartment, the defendant followed her outside of 3072 Stanton Road, S.E., and fired the Rossi 38 caliber revolver in an effort to scare Ms. Pressey.

Members of the Metropolitan Police Department responded to 3072 Stanton Road, S.E., Apartment 1A in response to the shooting. Upon arriving at the scene, they were given permission to search the apartment by relatives of the defendant. In the master bathroom officers located the Rossi 38 caliber revolver that the defendant fired moments earlier. The Rossi 38 caliber revolver was loaded with 4 bullets and one empty shell casing, and had a serial number of D-323777.

The defendant knowingly and intentionally possessed the Rossi 38 caliber revolver with serial number D-323777 and the 4 bullets. The Rossi 38 caliber revolver with serial number D-323777 and the 4 bullets traveled from another state into the District Columbia on or before June July 17, 2005. The Rossi 38 caliber revolver was not registered in the District of Columbia, and the defendant did not have a license to carry a firearm in the District of Columbia.

At the time of these offenses on July 17, 2005, the defendant had the following criminal convictions: distribution of cocaine (D.C. Superior Court Case F-5745-01), assault (D.C. Superior Court Case M-13090-00), Bail Act Violation, (D.C. Superior Court Case M-8837-00), possession of an unregistered firearm (D.C. Superior Court Case M14365-99), possession of

cocaine (D.C. Superior Court Case M4701-96), and unlawful use of livestock (Prince George's County, Maryland).

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney

*/s/ Keri Barta (by CKC)*
Keri Barta
Assistant United States Attorney
Sex Offense and Domestic Violence Unit
555 4th Street, N.W.
Washington, DC 20001

*/s/ Catherine K. Connelly*
Catherine K. Connelly
Assistant United States Attorney
Major Crimes Section, Mass. Bar No. 649430
555 4th Street, N.W. #4844
Washington, DC 20001
Phone: 616-3384
Fax: 353-9414

## DEFENDANT'S ACCEPTANCE

I have read the Proffer of Evidence setting forth the facts in support of my guilty plea. I have discussed this proffer fully with my attorney, David Bos, Esq. I fully understand this proffer and I acknowledge its truthfulness, agree to it and accept it without reservation. I do this voluntarily and of my own free will. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this proffer fully.

Date: 11/2/06

_____
Marcus Manor

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting the government's proffer of evidence as to my client's guilty plea. I have reviewed the entire proffer with my client and have discussed it with him fully. I concur in my client's agreement with and acceptance of this proffer.

Date: 11/2/06

_____
David Bos, Esq.
Counsel for Marcus Manor