IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| v. ) | Case No. 06-132 (EGS) |
| ) | |
| **MARCUS MANOR,** ) | |
|         **Defendant.** ) | |
| _____) | |

## DEFENDANT'S MEMORANDUM IN AID OF SENTENCING

Marcus Manor, by his attorney, David W. Bos, Assistant Federal Public Defender, hereby submits the following memorandum in aid of sentencing in this matter. Pursuant to the sentencing factors set forth in 18 U.S.C. §3553(a) and in light of <u>United States v. Booker</u>, Mr. Manor respectfully requests that the Court sentence Mr. Manor to a period of 60 months on each count to which he pled guilty and to run each sentence concurrent with the other. In support of this request, counsel states:

    1. Mr. Manor appears before the Court after having pled guilty to the instant information charging him with possession of a firearm and ammunition by a person convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. §922(g), and assault with a dangerous weapon, in violation of 22 D.C. Code §402.

    2. Although he appears before the Court as a Criminal History Category VI offender, Mr. Manor has only two prior felony convictions: a Maryland conviction for Unauthorized Use of a Motor Vehicle pursuant to which he served 60 days in jail; and a District of Columbia conviction for Distribution of Cocaine in which Mr. Manor pled guilty to selling two dime bags of cocaine to an undercover police officer. Both cases occurred more than five years ago.

    Prior to his arrest in this case, Mr. Manor was employed as a utility worker with Kitchen

Match in Washington, D.C. Mr. Manor was also the primary care provider for his mother, who suffers from diabetes and requires dialysis treatments three times a week.

Mr. Manor is the father of three children: Akhiem, age 11; Marcus, age 9; and Kelly, age 8. Prior to his incarceration, Mr. Manor saw his children on a regular basis and provided financial support for each child. Although Mr. Manor is no longer romantically involved with the mothers of his children, he still maintains a cordial relationship with the mother of each child.

4. As discussed in more detail below, this case was originally papered in D.C. Superior Court. As noted in the Pre-Sentence Report, had the case remained in Superior Court Mr. Manor's sentencing range for the assault with a dangerous weapon charge under the D.C. Sentencing Guidelines would have been 30-72 months. The comparable D.C. Code weapon charge, possession of a firearm during a crime of violence or dangerous offense, carries a mandatory minimum sentence of 60 months, and a maximum sentence of 15 years. In nearly ten years of practice in Superior Court, counsel for Mr. Manor cannot recall a single case in which he represented a client who received consecutive sentences on these two counts in Superior Court on facts similar to the instant case. Counsel therefore believes the expected sentencing range had this case remained in Superior Court is 60-72 months.

**DISCUSSION**

**I.    SENTENCING FRAMEWORK POST BOOKER**

Under Justice Breyer's majority opinion in Booker, the "district courts, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing. See 18 U.S.C. § 3553(a)(4)." United States v. Booker, __ U.S. __, 2005 WL 50108,*27 & n.1 (U.S. Jan. 12, 2005) (Breyer, J.).  While holding that district courts should still consider the Guideline

calculations and ranges for sentencing purposes, the remedial majority in <u>Booker</u> held that courts must consider <u>all</u> the purposes of sentencing set forth in 18 U.S.C. § 3553(a). Among the matters that §3553(a) requires the sentencing judge to consider are:

> (4) the kinds of sentence and the sentencing range established for--
> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines--
> (I) issued by the Sentencing Commission ....
> (5) any pertinent policy statement--
> (A) issued by the Sentencing Commission ....
> 18 U.S.C. § 3553(a)(4), (5).

Pursuant to <u>Booker,</u> therefore, courts must treat the Guidelines as but one, among several, sentencing factors.

Pursuant to 18 U.S.C. §§ 3562 and 3553(a)–which were explicitly endorsed by the Supreme Court in <u>Booker</u>–sentencing courts should consider the need for the sentence imposed

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with the needed educational and vocational training, medical care, or other correctional treatment in the most effective manner.

Specifically, courts should "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" set forth above.

Section 3553(a) further directs sentencing courts to consider the nature and circumstances of the offense, the history and characteristics of the defendant, the range of sentences available, the

3

need to avoid unwanted sentencing disparities among defendants with similar records who have been found guilty of similar conduct, and the need to provide restitution to any victims of the offenses charged.

Pursuant to 18 U.S.C. § 3661, also expressly endorsed by the Booker majority:

No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purposes of imposing an appropriate sentence.

Section 3582 of Title 18 states that

[t]he court, in determining whether to impose a sentence of imprisonment, and, if a term of imprisonment is to be imposed, in determining the length of the term, shall consider the factors set forth in Section 3553(a) to the extent that they are applicable, recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation.

Taken together, the directives of Booker, as well as Sections 3553, 3661, and 3582 of Title 18, make it clear that sentencing courts may no longer consider the Guidelines alone in determining the appropriate sentence. With respect to *departures* from the Guideline range, in particular following Booker, courts need not justify sentences outside the Guidelines by citing factors that take the case outside the "heartland." Rather, as long as the sentence imposed is reasonable and supported by the factors outlined in Section 3553, courts may disagree with the range proposed by the Guidelines in individual cases and exercise their discretion.

With regard to appropriate methodology in determining the appropriate sentence post-Booker, the Defendant urges the Court to adopt the approach delineated by District Court Judge Adelman in United States v. Smith, Case No. 02-CR-163. First, the Court must determine the applicable advisory guideline range. Second, the Court must determine whether, pursuant to the

4

Sentencing Commission's Policy Statements, any departures from the advisory guideline range apply. Finally, the Court must determine the appropriate sentence in light of the factors set forth in 18 U.S.C. §3553(a).

<u>Advisory Guideline Range</u>

A.  Adjusted Offense Level

The Probation Department, using the 2006 edition of the Sentencing Guidelines Manual, has concluded that the Base Offense Level in connection with the U.S. Code offense (18 U.S.C. 922(g)) is 20, because Mr. Manor has a single prior crime of violence or controlled substance conviction. The Probation Department has increased the Base Offense Level 4 levels because Mr. Manor possessed the firearm in connection with another felony offense, Count Two of the information. With a three level reduction for Acceptance of Responsibility, Mr. Manor's Total Offense Level is 21, resulting in a sentencing range of 77-96 months. Without the 4 point increase for possessing the weapon in connection with another felony offense, the resulting sentencing range is 51-63 months.

B. Criminal History Computation

The Probation Department has concluded that Mr. Manor Criminal History Category is VI. Mr. Manor does not dispute this calculation. However, Mr. Manor notes that he has only two prior felony convictions, one of which involved the use of a vehicle without authorization. The other conviction involved the sale of two "dime" bags of cocaine.  Both felony convictions occurred more than five years ago.

C. Potential Departure Considerations Under the Advisory Guidelines

As noted above, among the matters that §3553(a) requires the sentencing judge to

consider with regards to the advisory guidelines are:

>(4) the kinds of sentence and the sentencing range established for--
>(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines--
>(I) issued by the Sentencing Commission ....
>(5) any pertinent policy statement--
>(A) issued by the Sentencing Commission ....
>18 U.S.C. § 3553(a)(4), (5).

Imposition of Sentence

Pursuant to 18 U.S.C. §§ 3562 and 3553(a) sentencing courts should consider the need for the sentence imposed 1) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; 2) to afford adequate deterrence to criminal conduct; 3) to protect the public from further crimes of the defendant; and 4) to provide the defendant with the needed educational and vocational training, medical care, or other correctional treatment in the most effective manner.

Section 3553(a) further directs sentencing courts to consider the nature and circumstances of the offense, the history and characteristics of the defendant, the range of sentences available, the need to avoid unwanted sentencing disparities among defendants with similar records who have been found guilty of similar conduct, and the need to provide restitution to any victims of the offenses charged. Specifically, courts should "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" set forth above.

1. Nature of the Offense

18 U.S.C. §922(g) provides for a sentence of up to 10 years in prison. Individuals convicted pursuant to the statute, however, may also receive probationary sentences. Similarly, the applicable advisory sentencing guideline envisions that some defendants convicted under the

statute will be eligible for a probationary sentence. See U.S.S.G. 2K2.1(b)(2).

22 D.C. Code §402 provides for a sentence of up to 10 years in prison. Individuals convicted pursuant to the D.C. statute, however, may also receive probationary sentences. Similarly, the applicable D.C. sentence guideline envisions that some defendants convicted of assault with a dangerous weapon will be eligible for a probationary sentence. Therefore, while the nature of the offenses are indeed serious, both the Codes and guideline provisions envision that some individuals receive probationary sentences.

Of course, Mr. Manor is not suggesting or proposing that the Court impose a probationary sentence in this case. In fashioning the appropriate sentence, however, Mr. Manor urges the Court to consider the following facts: The incident occurred at Mr. Manor's home. The incident began when the victim, Mr. Manor's cousin, appeared at Mr. Manor's house, armed with a knife, to confront Mr. Manor. While Mr. Manor clearly escalated the confrontation by retrieving a gun and pointing it at his cousin, Mr. Manor's cousin was never physically injured.  After the incident, knowing the police were on their way, Mr. Manor remained at the apartment with his mother. And after his arrest, Mr. Manor gave the police video taped statement detailing not only happened that day but also how and from whom he obtained the gun.

2. Character of the Defendant

As noted above Mr. Manor has only two prior felony convictions. One conviction involved the sale of two dime bags of cocaine, and the other the conviction involved a stolen car. He is a father of three children, all of whom he supports financially.  Mr. Manor has also maintained regular employment and is the sole care provider for his mother.

As noted in the PSR, however, Mr. Manor has a long-standing substance abuse problem

for which he needs a great deal of help. He understands that he has a drug problem and is willing to confront it head on. He therefore asks the Court to fashion a sentence that will include substance abuse treatment.

3. Range of Sentences Available

Mr. Manor appears before the Court in a somewhat unusual position, having pled guilty to one U.S. Code offense and one D.C. Code offense. The guideline range for the U.S. Code offense, which includes a 4 level enhancement based on the conduct in the D.C. Code offense, is 77-96 months in prison. Without the 4 level increase, the guideline range for the U.S. Code offense is 51-63 months. The guideline range for the D.C. Code offense is 30-72 months.

As noted above, counsel believes had Mr. Manor pled guilty to the precise same conduct in Superior Court, the expected sentencing range for both counts would be 60-72 months.

More important, had Mr. Manor pled guilty to the U.S. Code offense (922(g)) and the corresponding U.S. Code assault offense (18 U.S.C. §113(a)(3)(Assault With A Dangerous Weapon) his guideline range for the weapon charge would again be 77-96 months, and the guideline range for the assault with a dangerous weapon charge would be 46-57 months.[1] Under U.S.S.G. §3D1.2(a) the two guideline calculations would be "grouped" because both counts involved the "same victim and the same act or transaction," resulting in a guideline range of 77-96 months.

4. Need to Avoid Unwarranted Sentencing Disparities

---

[1] The applicable U.S.S.G. provision for 18 U.S.C. 113(b) is 2A2.2, which has a base offense level of 14. Where, as here, a firearm is discharged, the base offense level is increased by 5 levels. With a 3 level reduction for acceptance of responsibility, Mr. Manor's adjusted offense level on this count would be 16, resulting in a sentencing range of 46-57 months.

While the Government was certainly within its rights to file the 922(g) charge in this Court, and there is no question Mr. Manor agreed to plead guilty before this Court knowing full well the consequences of his decision, there is nothing about this case that distinguishes it from the hundreds, if not thousands, of identical gun related assault cases papered in D.C. Superior Court each year. Under the D.C. Guidelines, the sentencing range for "defendants with similar records who have been found guilty of similar conduct," <u>see</u> 18 U.S.C. 3553, is 30-72 months. A sentence of 60 months, a sentence twice as long as the minimum sentence under the D.C. Guideline, will ensure the sentencing disparity that 18 U.S.C. §3553(a) seeks to avoid will not happen here.

5. Need to Provide Restitution to the Victims

Restitution is not an issue in this case.

## Conclusion

For the forgoing reasons, I urge the Court to sentence Mr. Manor to 60 months on each count, and direct that each sentence run concurrent with the other.

Respectfully submitted,

A.J. KRAMER
FEDERAL PUBLIC DEFENDER

_____/s/_____
David W. Bos
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Suite 550
Washington, DC  20004
(202) 208-7500

## CERTIFICATE OF SERVICE

    I, David W. Bos, Assistant Federal Public Defender, hereby certify that I have served a copy of the attached Sentencing Memorandum upon Assistant United States Attorney, Catherine Connelly.

                                        /s/
                                   David W. Bos
                                   Assistant Federal Public Defender

**DATE:** 2/9/07